

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Theophilus S. Painter
Acting President
University of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-6957
Re: Whether the University of Texas
and other State-supported in-
stitutions of higher learning
in Texas can legally receive
from the Veterans Administra-
tion payments of rates specified
in said Administration's Instruc-
tion No. 6 and Service Letter of
March 7, 1945, for furnishing
education and training to
veterans of World War II in ac-
cordance with Public Law No.346
of the 78th Congress.

We have your recent request for an opinion, the last
paragraph of which reads as follows:

"It will be greatly appreciated if you would
render an opinion and advise us whether or not The
University of Texas and other State-supported in-
stitutions of higher learning in Texas may legally
receive from the Veterans Administration payments
of rates specified in Instruction No. 6 and the
Administrator's Service Letter of March 7, 1945,
for furnishing education and training to veterans
of World War II in accordance with Public Law No.
346 of the 78th Congress."

Paragraph 1-A (2) of the Veterans Administration Service
Letter of March 7, 1945, as quoted in your letter, states:

"In the case of State and municipal schools,
colleges, or universities, and other approved
institutions which have non-resident tuition fees,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the charges for such tuition, laboratory, library, health, infirmary and other similar fees which were in effect prior to June 22, 1944, or as may be established after said date if applicable to all classes of students are determined as the customary charges for all veteran trainees except that the charge for the tuition fee of a full-time veteran trainee shall be not less than $15.00 per month ($45.00 per quarter or $60.00 per semester), provided that the charges are not in conflict with existing laws or other legal requirements. Under this provision a school may not charge to a resident veteran such part of a non-resident tuition fee as will result in a charge in excess of $500. for an ordinary school year."

Paragraph 5 of Part VIII, Veterans Regulation No. 1(a), as amended by Public Law 346, 78th Congress, provides as follows:

"The Administrator shall pay to the educational or training institution, for each person enrolled in full time or part time course of education or training, the customary cost of tuition, and such laboratory, library, health, infirmary, and other similar fees as are customarily charged, and may pay for books, supplies, equipment, and other necessary expenses, exclusive of board, lodging, other living expenses, and travel, as are generally required for the successful pursuit and completion of the course by other students in the institution: Provided, That in no event shall such payments, with respect to any person, exceed $500 for an ordinary school year: Provided further, That no payments shall be made to institutions, business or other establishments furnishing apprentice training on the job: And provided further, That if any such institution has no established tuition fee, or if its established tuition fee shall be found by the Administrator to be inadequate compensation to such institution for furnishing such education or training, he is authorized to provide for the payment, with respect to any such person, of such fair and reasonable compensation as will not exceed $500 for an ordinary school year."

Article 2654b-1 of Vernon's Annotated Civil Statutes provides for the exemption of certain veterans from the payment of dues, fees, and charges at State Institutions of collegiate rank supported in whole or in part by public funds appropriated from the State Treasury. Senate Bill No. 338, Acts of the 49th Legislature (1945), amended this Article by adding a new section, which reads as follows:

"Sec. 4.  The exemption from the payment of dues, fees, and charges as provided hereinabove in Section 1 and Section 3 of this Article shall not apply to or include honorably discharged members of such United States Armed Forces, or other persons hereinabove named, who are eligible for education or training benefits provided by the United States Government under Public Law No. 16, 78th Congress, or amendments thereto, or under Public Law No. 346, 78th Congress, or amendments thereto, or under any other Federal legislation that may be in force at the time of registration in the college concerned of such ex-service man or woman. As to all ex-service men or women as defined in this section, the governing boards of each of the several institutions of collegiate rank, supported in whole or in part by public funds appropriated from the State Treasury, are hereby authorized to enter into contracts with the United States Government, or any of its agencies, to furnish instruction to such ex-service men and women at a tuition rate which covers the estimated cost of such instruction or, in the alternative, at a tuition rate of One Hundred Dollars ($100.00) a semester, as may be determined by the governing board of the institution concerned; provided, however, that if such rates as herein specified are prohibited by Federal law for any particular class of ex-service men or women, then, and in that event, the tuition rate shall be such rate as may be agreed to by said governing boards, but in any event not less than the established rates for civilian students; provided further that should the Federal law provide as to any class of veterans that such tuition payments are to be deducted from any subsequent benefits which said veteran may be hereafter entitled to receive, the educational institution concerned is hereby authorized and directed to refund to any veteran who is a resident of Texas within the meaning of this Act the amount by which any adjusted compensation payment is hereafter actually reduced on account of tuition payments made by the Federal government to such educational institution for such veteran."

Hon. Theophilus S. Painter, page 4

It is apparent from the above that the State Legislature was cognizant of the provisions of Public Law 346 at the time it enacted the quoted amendment of article 2654b-1 and that the legislative intent was to exclude from the statutory fee exemption all persons eligible for education or training under Public Law 346.

As to veterans eligible under Public Law 346, the state law specifically authorizes the governing boards of state institutions to enter into contracts with the United States Government, or any of its agencies, to furnish instruction (1) "at a tuition rate which covers the estimated cost of such instruction", or, in the alternative, (2) "at a tuition rate of One Hundred Dollars ($100.00) a semester", as may be determined by the governing board of the institution concerned. However, the state law further provides that, if such rates are "prohibited by Federal law for any particular class of ex-service men or women," then, the tuition rate shall be such rate as may be agreed to by said governing boards, but in any event not less than the established rates for civilian students.

Although the governing board is clearly authorized to receive a higher rate than the customary tuition fee, the statute places two limitations on the board's authority:  (1) by implication, the governing board cannot accept less than the "estimated cost" of such instruction, or, in the alternative, $100 a semester, as may be determined by the governing board concerned, unless such rates are "prohibited by Federal law for any particular class of ex-service men or women;" (2) by express provision, the governing board cannot, in any event, accept "less than the established rates for civilian students."

As to the first limitation stated above, the question turns on the meaning of the phrase "prohibited by Federal law." Such rates are not expressly prohibited by Public Law 346 because it contains a provision that if the established tuition fee shall be found by the Administrator to be inadequate compensation, he is authorized to provide for payment of such "fair and reasonable compensation" as will not exceed $500 for an ordinary school year. However, construing the state statute as a whole, and considering the purposes sought to be accomplished by the Legislature, it is our opinion that the Legislature intended that if, in the opinion of the Veterans Administrator, such rates would be "prohibited by Federal

Hon. Theophilus S. Painter, page 5

law," that is, if not acceptable to the Veterans Administrator because found by him to be in excess of "fair and reasonable compensation" or prohibited by any other limitation upon his authority, then the governing board concerned would be authorized to accept any rate agreed to by the governing board and the Veterans Administrator, but in any event not less than the established rates for civilian students.

As to the second limitation stated above, it clearly appears that the respective governing boards have no authority to agree to a rate which is less than the "established rates for civilian students."

Therefore, in our opinion, subject to the limitations stated above, the University of Texas and other State-supported institutions of higher learning in Texas may, in the discretion of the respective governing boards of such institutions, legally receive from the Veterans Administration payments of rates specified in said Instruction and Service Letter, for furnishing education and training to veterans of World War II in accordance with Public Law No. 346 of the 78th Congress.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Raymond A. Lynch*
Raymond A. Lynch
Assistant

RAL:rt:ddt